UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PREMIUM SUPPLY CO., INC.,

                                 Plaintiff,                   **REPORT AND**
                                                                    **RECOMMENDATION**
          -against-                                 **CV 09-838 (JS)(ARL)**

RCC DESIGN AND DEVELOPMENT,

                                 Defendant.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

        This matter was referred to the undersigned for a determination of the damages to be awarded to the plaintiff upon the entry of a default judgment. By order dated July 27, 2009, the undersigned directed the plaintiff to submit papers in support of its damages claim by August 31, 2009. In response, the plaintiff submitted the Affidavit of Jay Pattinger, President of Premium Supply Co. ("Premium"). For the reasons set forth below, the undersigned recommends that the plaintiff be awarded $98,920.00 in damages.

## DISCUSSION

**A. The Defendant's Default**

        On February 27, 2009, Premium commenced this action by serving a copy of the summons and complaint on the defendant RCC Design and Development Corp. ("RCC"). The defendant failed to answer, appear, or otherwise move and, on May 18, 2009, the plaintiff moved for a default judgment. On May 20, 2009, the Clerk of the Court certified that the defendant had not answered or moved with respect to the plaintiff's complaint. Accordingly, Judge Seybert granted the motion by order dated June 21, 2009. Premium now seeks an award of damages in the amount of $98,920.66.

B. **Damages**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159.

Because the plaintiff seeks a sum certain in this action, a detailed analysis of damages is unnecessary. The plaintiff contends in the complaint that it provided restaurant equipment and supplies to the defendant at an agreed upon price and that a balance of $98,920.66 remains unpaid, which has been duly demanded. *See* Complaint at ¶¶ 7-9. The plaintiff has supported its request for damages with copy of an invoice dated May 20, 2007 in the amount of $25,845.85,[1] as well as Statement dated November 12, 2008 that reflects an additional balance of $75,774.81 on four other shipments. *See* Pattinger Aff., Ex. A. Although the balances on the invoice and the statement total $101,620.66, Premium's president has attested that $98,920.66 remains due and owing. Accordingly, the undersigned recommends that the plaintiff be awarded the sum of $98,920.66.

## OBJECTIONS

The plaintiff is directed to serve a copy of this Report and Recommendation on the

---

[1] The court notes that the "sell total" for the last four entries were inadvertently redacted from the invoice. The court relies, however, on the grand total found on page two of the invoice.

defendant by certified mail, return receipt requested. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
September 11, 2009

/s/
ARLENE R. LINDSAY
United States Magistrate Judge